## AS AND FOR A SEVENTH COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 92 of this complaint with the same force and effect as though fully set forth herein.

94.     The Defendants acted outrageously in the above-stated roles in the malicious prosecution, false arrest, abuse of process, defamation of character and public humiliation of Plaintiff.

95.     Said emotional harm was exacerbated by the fabricated criminal charges against the Plaintiff, known by INDIVIDUAL DEFENDANTS without basis, yet prosecuted, and by the denial of Plaintiff of her freedom with the intention of causing extreme further harm and duress to Plaintiff.

96.     The Defendants were aware or should have been aware that encouragement and initiation of baseless charges as well as continued support of charges against Plaintiff with a threat of imprisonment would cause severe and extreme emotional harm to Plaintiff.

97.     The Defendants were aware or should have been aware that the continued harassment and differential treatment would cause severe and extreme emotional harm to Plaintiff.

98.     As a result of said intentional harm, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, injury to his marital relations (including loss of consortium) and has been harmed monetarily in his incurring of attorney fees, travel expenses, lost wages from court appearances, other expenses incurred in the attempt to clear the Plaintiff from these false and maliciously imposed criminal charges.

99.     That by reason of the foregoing, Plaintiff has been damaged in the sum of Three Million dollars  ($3,000,000.00).

## AND AS FOR AN EIGHTH COUNT
## ABUSE OF PROCESS/MALICIOUS
## PROSECUTION

100.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 99 of this complaint with the same force and effect as though fully set forth herein.

101.     The lodging of false charges, wrongful arrest, malicious prosecution, abuse of process and other wrongful acts conducted against the Plaintiff by the INDIVIDUAL DEFENDANTS constituted unreasonable behavior as well as abuse of process, abuse of authority, breach of PORT AUTHORITY procedures, and violations of the Plaintiff s Fourth, Fifth, and Fourteenth Amendment rights. The INDIVIDUAL DEFENDANTS  negligently and recklessly breached their duty under 42 U.S.C.  § 1986 to prevent the commission of the civil rights violations perpetrated against Plaintiff including violations of 42 U.S.C.  §§ 1981, 1983, 1985 and l986 and substantive and procedural due process infractions.

102.     Said abuse of process was continued by the PORT AUTHORITY'S refusal to adequately investigate and properly discipline the INDIVIDUAL DEFENDANTS for their actions against the Plaintiff. Specifically, the PORT AUTHORIYTY failed to investigate and  verify the veracity of the Plaintiff's claims, despite Plaintiff complaining of such conduct and emphasizing the blatant lack of any probable cause for falsely accusing Plaintiff.

103.     The continued action taken by the INDIVIDUAL DEFENDANTS  to maliciously prosecute, harass, and fully inconvenience the Plaintiff with false criminal

charges is an abuse of process, in that using the courts and judicial process to harass, intimidate, inconvenience and further damage the Plaintiff despite no significant evidence for prosecuting the baseless charges.

104. Plaintiff contends that the continued action taken by the INDIVIDUAL DEFENDANTS to maliciously prosecute, harass, and fully inconvenience the Plaintiff with false criminal charges is an abuse of process, in that using the courts and judicial process to harass, intimidate, inconvenience and further damage the Plaintiff despite no significant evidence for prosecuting the baseless charges, was because of Plaintiff's race and color, PORT AUTHORITY'S unchecked custom, practices and policies, and Plaintiff's exercising of protected activities and opposition to unlawful practices.

105. As of the filing of this Complaint, the charges against Plaintiff have been dismissed after months of Plaintiff maintaining his innocence.

106. As a result of said abuse of process, Plaintiff has suffered continued emotional damage, including prolonged stress and anxiety, fear, and frustration, and has been harmed monetarily in his incurring of attorney fees, travel expenses, lost wages from court appearances, other expenses incurred in the attempt to clear the Plaintiff from these false and maliciously imposed criminal charges.

107. By reason of the foregoing, Plaintiff has been damaged in the sum of Three Million Dollars ($3,000,000.00).

## AND AS FOR AN NINTH COUNT
### NEGLIGENCE

108. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 107 of this complaint with the same force and effect as

though fully set forth herein.

109.   The PORT AUTHORITY DEFENDANTS had a duty under 42 U.S.C. §§ 1983, 1985 & 1986, as well as under the Fourth, Fifth, and Fourteenth Amendments, and under New York State Law and their own rules and regulations, to prevent and cease INDIVIDUAL DEFENDANTS from instigating and causing the wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecuting, as well as a duty to investigate, supervise and discipline INDIVIDUAL DEFENDANTS and prevent other wrongful acts that were committed against Plaintiff.

110.   In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the Plaintiff against the aforementioned violations. Said rights are guaranteed to the Plaintiff by 42 U.S.C. §§ 's 1983, 1985, and by the Fourth, Fifth and Fourteenth Amendments of the Constitution.

111.   The breach of duty under 42 U.S.C. § 1986 by PORT AUTHORITY DEFENDANTS was a direct and proximate cause of the harm suffered by Plaintiff.  Said harm includes physical harm, pain and suffering which continues to this day, monetary expenses in lost wages and legal costs, personal humiliation, damage to reputation and loss of standing in the community,  and severe emotional and psychological damage, resulting in the need to seek counseling for the trauma which he incurred.

112.   By reason of the foregoing, Plaintiff has been damaged in the sum of Three Million Dollars ($3,000,000.00).

## AND AS FOR A TENTH COUNT
## <u>DEFAMATION</u>

113.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 112 of this complaint with the same force and effect as though fully set forth herein.

114.    PORT AUTHORITY engaged in abuse of process and baselessly caused Plaintiff to suffer prosecution by the Stat e of Florida. SEAN PORTER was charged with one count of PERJURY WITNESS MAKE FALSE WRITTEN DECLARATION 3802 (92.525 3), a Felony, and one count of FALSE STATEMENT IN TITLE TRANSFER 407 (319.33 1E), a felony. SEAN PORTER was arraigned on January 26, 2015 and was dismissed on March 11, 2015.  SEAN PORTER was forced to incur monetary damages, which includes but is not limited to attorney fees.

115.    Defendants permitted the defamatory statements to be published in the cafeteria and around the place of employment with actual knowledge that the charges were false, and with reckless disregard to the truth or falsity.

116.    In the posted flyers, DEFENDANTS falsely alleged that Plaintiff was a criminal and gave the appearance that he was on a "Wanted" List by Florida or NY Authorities.

117.    Each of these statements and accusations were maliciously made and were false and were intended to harm plaintiff in his good name, reputation and business.

118.    Upon information and belief, Plaintiff is not a public figure and is not involved in any public controversy in connection with his profession and/or business. Defendants' defamatory statements do not involve a matter of public concern.

119.    Defendants intentionally published a defamatory statement by lodging the complaint and encouraging the prosecution of false criminal charges against Plaintiff for the purpose of injuring Plaintiff.

120.    As a result of said criminal charges filed against Plaintiff by Defendants, Plaintiff sustained loss of reputation, loss of money and loss of time.

121.    By reason of the foregoing, Plaintiff has been damaged in the sum of Three Million Dollars  ($3,000,000.00).

## AND AS FOR AN ELEVENTH COUNT
## BREACH OF CONTRACT

122.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 121 of this complaint with the same force and effect as though fully set forth herein.

123.    The Defendants extended an offer of employment to Plaintiff, which carried with it the implied promises that Plaintiff would be treated fairly and in good faith, and not discriminated against due to his race, color, nationality or retaliation during the course of his employment with the Defendants.

124.    At the time that Defendants extended an offer of employment to Plaintiff, Defendants provided Plaintiff with employment material that included terms and statements, and written assurances, representations and promises by the DEFENDANTS, that employees would not unlawfully discriminate against Plaintiff, based on color, race, national origin, and retaliation during the course of Plaintiff's employment relationship with the Defendants.

125.    At the time of hire, Plaintiff was induced into accepting employment with Defendant PORT AUTHORITY, in lieu of pursuing and accepting other employment opportunities; throughout the course of his employment, Plaintiff was further induced into

continuing his employment with the Defendants, based in substantial part on the Defendants' specific promises and assurances (oral and express) that they would not discriminate against the Plaintiff, with respect to his employment conditions. Said promises and the Agreement thus constituted an implied employment contract, and created a duty of good faith and fair dealings on the part of Defendants.

126.   One example of these representations includes Defendants' Nondiscrimination Policy Statement, which includes in relevant part that, "it is the policy of The Port Authority of New York and New Jersey (Port Authority) that no person shall be excluded from participation in, be denied the benefits of, or be subjected to discrimination in the receipt of its services on the basis of race, color, national origin…"

127.   Another example of these representations is the Equal Employment Opportunity Statement, which includes, in relevant part that "The Port Authority will also continue to provide each employee with an equal opportunity to work in an environment free from harassment where they can contribute and remain productive. Harassment by supervisors or co-workers on the basis of race, color, religion, sex, national origin, age, disability, genetic information or any other federally protected category is an unlawful employment practice prohibited by the Port Authority"

128.   Another example of these representations is the Whistleblower Protection Policy, which states in relevant part that, "the policy provides Port Authority and PATH employees and third parties with the ability to step forward without fear of retaliation and report conduct that they know or reasonably believe involves corruption, criminal activity, other violation of applicable federal, state or local laws, rules or regulations, conflict of interest, gross mismanagement, gross waste of funds or abuse of authority."

129.   Defendants' implied promises/implied employment contract carried a duty to discipline or attempt to discipline the Plaintiff only in good faith, and further carried a duty not to discriminate against Plaintiff based on his race, color, and national origin or in retaliation for opposing discriminatory practices.

130.   The Plaintiff accepted the offer of employment with the Defendants, and continued his employment due to his reliance to his detriment on the above stated assurances, promises, and implied employment contract not to discriminate against him with respect to terms and conditions of employment, discipline or cessation of employment.

131.   The Plaintiff performed in an above satisfactory manner throughout the duration of his employment with the Defendant PORT AUTHORITY.

132.   The Defendants breached their duties to the Plaintiff under the implied contract when they discriminated and retaliated against the Plaintiff, harassed Plaintiff targeted Plaintiff because of his exercise of protected activities and because of his race, color, creed and national origin, failed to provide Plaintiff with proper employment opportunities and diminished Plaintiff's opportunities for professional advancement.

133.   As a result of Defendants' acts, Plaintiff suffered and is entitled to a sum in excess of Three million dollars ($3,000,000.00).

### AND AS FOR A TWELFTH COUNT
### NEW YORK CIVIL SERVICE
### LAW SECTION 75-B

134.   The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 133 of this complaint with the same force and effect as though fully set forth herein.

135.    Plaintiff is a protected whistleblower who was subjected to discrimination, retaliation (punishment, prosecution, harassment, etc.) for speaking out against violations of the law as referenced herein.

136.    NY Civil Service Law Section 75-B state in relevant part, that "a public employer shall not dismiss or take other disciplinary or other adverse personnel action against a public employee regarding the employee's employment because the employee discloses to a governmental body information…(ii) which the employee reasonably believes to be true and reasonably believes constitutes an improper governmental action."

137.    Defendants discriminated and retaliated (punishment, prosecution, harassment, etc.) against Plaintiff in the terms and conditions of his employment in violation of NY Civil Service Law Section 75-B.

138.    All of the aforementioned acts in the causes of actions of the individual defendants complained of herein were willful, wanton, malicious and oppressive. They acted with callous disregard, recklessness and deliberate indifference toward the rights of the Plaintiff and without concern for the damage they would cause.

139.    Defendants' acts were motivated by a desire to harm plaintiff without regard for plaintiff's well being and were based on a lack of concern and ill will towards plaintiff. Such acts therefore deserve an award of Three Million Dollars ($3,000,000.00) as punitive damages.

### AND AS FOR A THIRTEENTH COUNT
### NEW YORK CITY ADMINSITRATIVE CODE

140.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 139 of this complaint with the same force and effect as

though fully set forth herein.

141.     The Administrative Code of the City of NY, Title 8, Sections 8-107(1), (6), (7), (13), (19), amongst other sections, prohibit discrimination, retaliation, aiding and abetting, coercion, intimidation, and requires immediate corrective action for such behavior.

142.     Defendants engaged in discriminatory and retaliatory conduct against plaintiff, created and maintained discriminatory and retaliatory working conditions, engaged in harassment and intimidation tactics against Plaintiff. Defendants also failed to take corrective actions but rather joined in the unlawful conduct against Plaintiff. All of this was in violation of the NY Civil Service Law.

143.     All of the aforementioned acts in the causes of actions of the individual defendants complained of herein were willful, wanton, malicious and oppressive. They acted with callous disregard, recklessness and deliberate indifference toward the rights of the Plaintiff and without concern for the damage they would cause.

144.     Defendants' acts were motivated by a desire to harm plaintiff without regard for plaintiff's well being and were based on a lack of concern and ill will towards plaintiff. Such acts therefore deserve an award of Three Million Dollars ($3,000,000.00) as punitive damages.

## AND AS FOR A FOURTEENTH COUNT
## PUNITIVE DAMAGES

145.     The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 144 of this complaint with the same force and effect as though fully set forth herein.

146.     All of the aforementioned acts in the causes of actions of the individual

defendants complained of herein were willful, wanton, malicious and oppressive. They acted with callous disregard, recklessness and deliberate indifference toward the rights of the Plaintiff and without concern for the damage they would cause.

147.    Defendants' acts were motivated by a desire to harm plaintiff without regard for plaintiff's well being and were based on a lack of concern and ill will towards plaintiff. Such acts therefore deserve an award of Three Million Dollars ($3,000,000.00) as punitive damages.

**WHEREFORE,** Plaintiff demands judgment against defendants:

a.    On the First Count in the sum of Three Million dollars ($3,000,000.00);

b.    On the Second Count in the sum of Three Million dollars ($3,000,000.00);

c.    On the Third Count in the sum of Three Million dollars ($3,000,000.00);

d.    On the Fourth Count in the sum of Three Million dollars ($3,000,000.00);

e.    On the Fifth Count in the sum of Three Million dollars ($3,000,000.00);

f.    On the Sixth Count in the sum of Three Million dollars ($3,000,000.00);

g.    On the Seventh Count in the sum of Three Million dollars ($3,000,000.00);

h.    On the Eighth Count in the sum of Three Million dollars ($3,000,000.00);

i.    On the Ninth Count in the sum of Three Million dollars  ($3,000,000.00);

j.    On the Tenth Count in the sum of Three Million dollars ($3,000,000.00);

k.    On the Eleventh Count in the sum of Three Million dollars ($3,000,000.00);

l.    On the Twelfth Count in the sum of Three Million dollars ($3,000,000.00);

m.    On the Thirteenth Count in the sum of Three Million dollars ($3,000,000.00);

n.    On the Fourteenth Count in the sum of Three Million dollars ($3,000,000.00);

o.    Award costs of this action including attorney's fees to the plaintiff; and

p.    Award such other and further relief, as this Court may deem appropriate.


Dated: June 17, 2015
       Port Jefferson Station, New York


                              CARTRIGHT AND COMPANY



                              VALERIE M. CARTRIGHT, Esq.
                              Attorneys for PLAINTIFF
                              P.O. BOX 972
                              Port Jefferson Station, New York 11776
                              (631) 743-9139