UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SEAN PORTER,

                              Plaintiff,                            **ORDER**
          -against-                                       15-CV-3558-RPK-SJB

PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, OFFICE OF INSPECTOR GENERAL,
HUNTLEY LAWRENCE, in his individual and
official capacity, JOHN TUCCI, in his individual
and official capacity, JOHN KANE, in his individual
and official capacity, THOMAS L. BOSCO, in his
individual and official capacity, and PETER QUAGLIA,
in his individual and official capacity, WILLIAM
DEVITA, in his individual and official capacity,

                              Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

      Defendants (the "Port Authority") have filed a motion seeking an order for contempt against non-party witness Dr. Kimberly Williams ("Dr. Williams") for her failure to produce certain documents at her deposition as required by a so-ordered subpoena. For the reasons stated below, the motion is denied.

      The Port Authority bases its contempt motion on Dr. Williams's alleged failure to comply with the subpoena that the Court so-ordered on September 24, 2019. (*See* Order dated Sept. 24, 2019, Dkt. No. 57; Subpoena dated Sept. 24, 2019 ("Subpoena"), attached as Ex. G to Aff. in Supp. of Mot. for Contempt dated Jan. 31, 2020, Dkt. No. 63). The subpoena required Dr. Williams to appear for a deposition and produce medical records of Plaintiff at the deposition. (Subpoena at 1). While Dr. Williams appeared at her deposition, she did not bring the requested records. (Aff. in Supp. of Mot. for Contempt dated Jan. 31, 2020, Dkt. No. 63 ¶ 11).

Regardless of the merit or lack of merit of Dr. Williams's failure to produce the records, the Port Authority's next step should have been to compel compliance, rather than seek contempt. Rule 45(g) does permit the imposition of contempt for failure to comply with a subpoena; however, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena." Fed. R. Civ. P. 45 Advisory Committee Notes to 2013 Amendment. As such, "[a]lthough Rule 45(g) permits a court to hold a person in contempt for failure to obey a subpoena without adequate excuse, courts in the Second Circuit have often held that . . . a court should first issue an order compelling compliance with the subpoena." *New Falls Corp. v. Soni*, No. 16-CV-6805, 2017 WL 9732100, at *1 (E.D.N.Y. Oct. 30, 2017) (collecting cases); *Murphy v. Snyder*, No. 10-CV-1513, 2019 WL 4396574, at *6 (E.D.N.Y. Aug. 6, 2019) ("[T]he weight of authority in this Circuit is clear that in most circumstances, courts should decline to hold a party in contempt for failure to comply with a subpoena prior to issuing an order compelling such compliance."), *report and recommendation adopted*, 2019 WL 4415430 (Aug. 23, 2019). "The reason for this approach stems from the fact that an order of contempt leading to the impositions of sanctions is a drastic remedy." *New Falls*, 2017 WL 9732100, at *1.

Indeed, upon learning of Dr. Williams's failure to comply at a status conference, the Court explained to counsel for the Port Authority that the appropriate next step would be to file a motion to compel, and counsel indicated she intended to file a motion to compel. (Min. Entry & Order dated Nov. 26, 2019, FTR # 2:17–2:19).

For these reasons, the motion for contempt is denied. The Port Authority may file any motion to compel related to these issues and is reminded of the obligation to

2

meet and confer in Rule 37(a)(1).  Dr. Williams is reminded that she is under Court ordered subpoena and must produce the requested documents.  Although the Court has not at this point entered a contempt order, it may still do so in the future, should the Port Authority obtain an order compelling compliance and if you continue to disregard the order to produce the requested documents.

**The Port Authority is directed to serve a copy of this Order on Dr. Williams.**

SO ORDERED.

*/s/ Sanket J. Bulsara* Feb. 14, 2020
SANKET J. BULSARA
United States Magistrate Judge

Dated: Brooklyn, New York